UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:15-cr-00477-CAS | | Date | October 14, 2015 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Laura Elias | Christopher Kendell, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ivan Greenhut | Not | | X | Erin Darling, DFPD | Not | | X |

Proceedings: (IN CHAMBERS) - GOVERNMENT'S *EX PARTE* APPLICATION RE: ORDER FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF PERSONAL INFORMATION (Dkt. 21, filed October 1, 2015)

## I.   INTRODUCTION AND BACKGROUND

On February 20, 2014, defendant Ivan Greenhut was charged with conspiracy, in violation of 18 U.S.C. § 371; witness tampering, in violation of 18 U.S.C. § 1512(b)(3); and payment of a gratuity to a public official, in violation of 18 U.S.C. § 201(c)(1)(A). Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government now seeks to provide defense counsel with various documents, discovered by law enforcement personnel as part of their investigation in this matter, that appear to contain the personal information of witnesses. Dkt. 21, Ex. A, at 1 (Declaration of Assistant United States Attorney Christopher C. Kendall). On September 30, 2015, the government sent defense counsel a revised proposed "Stipulation RE: Order For Protective Order Limiting Disclosure of Personal Information." Dkt. 22-2 ("Government's Proposed Stipulation"). Defense counsel conferred with the government regarding potential edits to the Government's Proposed Stipulation, but an agreement was not reached. Dkt. 22-1 (Declaration of Federal Public Defender Erin Darling).

Accordingly, on October 1, 2015, the government filed the instant *ex parte* application for a Protective Order to "prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others." Government's Proposed Stipulation, at 2. Attached to the government's application is a proposed order. Dkt. 21-2 ("Government's Proposed Order"). On October 2, 2015, the defense opposed the government's *ex parte* application. Dkt. 22. In its opposition, defense counsel states that it would join in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Government's Proposed Stipulation, should the government be willing to adopt certain changes. See Dkt. 22-1.

## II. DISCUSSION

Specifically, the defense states that it opposes the government's *ex parte* application, but would join in the Government's Proposed Stipulation should the following four proposed changes be made:

(1) eliminate the requirement that defendant may not retain in his possession (including in electronic format) materials subject to the Protective Order outside the presence of the Defense Team. See Government's Proposed Stipulation, ¶ 9.

(2) Include the word "sensitive" before the word "information" in Paragraph 6, so that witnesses may write, make or retain notes from the discovery, so long as those notes do not pertain to "Sensitive Information," as opposed to "any information from the Discovery." See id. ¶ 6, l. 8.

(3) Replace the term "any discovery" with "Sensitive Information" in paragraph 4, so that the Protective Order applies to material deemed "Sensitive Information" and not just the blanket term, "any discovery." See id. ¶ 4, l. 5.

(4) Eliminate "work addresses" and "employment information" in the definition (by example) of "Sensitive Information." See id. ¶ 4, ll. 21-23.

The Court concludes that modifications two, three, and four are appropriate, as their implementation would not frustrate the purpose of the Protective Order—that is, preventing the unauthorized dissemination, distribution, or use of materials containing sensitive personal information—but would facilitate defense counsel's reasonable access to key discovery information. However, the Court declines to implement defense counsel's first request to fully strike paragraph 9 of the Government's Proposed Stipulation, which currently requires defendant to review materials subject to the Protective Order only within the presence of the "Defense Team" (as that term is defined within paragraph 5 of the proposed order). The Court recognizes that requiring the defendant to review these materials in the presence of the "Defense Team" places a burden on the defense, but the Court does not find that such a limit is "unreasonable," as the defense contends, because it would "prelude [defendant] from reviewing discovery documents at his own home," outside of the presence of the defense team. Dkt.22-1. There is just cause for keeping in a secure location the Sensitive Information that is the subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

of the government's request.  However, the Court finds it appropriate to modify the definition of "Defense Team," included in paragraph 5, as follows (addition in italics):

> For purposes of this [Protective Order], the term "Defense Team" refers to the above-named counsel of record and any co-counsel specifically assigned to work on this case.  Additionally, the term "Defense Team" includes any defense investigators, employees, experts or translators hired by the counsel of record for defendant to assist counsel with this case, *as well as any paralegals employed by the Office of the Federal Public Defender for the Central District of California*.  "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this case or should another defendant's counsel be added to the Court's docket. "Defense Team" does not include family members and other associates of the defendant. "Defense Team," for purposes of the Protective Order, includes defendant, subject to the restrictions set forth in Paragraph 9 below.

### III.   CONCLUSION

Accordingly, the government's *ex parte* application for a Protective Order is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Court substantively adopts as the Protective Order the provisions in the Government's Proposed Stipulation, attached as Exhibit A to defense counsel's declaration, see Dkt.22-2, following the adoption of the foregoing specific modifications.  The Court orders the government to submit to the Court a proposed order that conforms with the directives in this ruling.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |