UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL            'O'

| Case No. | 2:15-cr-477-CAS | Date | February 27, 2017 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| CATHERINE JEANG | LAURA ELIAS | CHRISTOPHER KENDALL POONAM KUMAR |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/ Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| IVAN GREENHUT | X | | X | JOHN LITTRELL, DFPD | X | X | |

**Proceedings:** MOTION FOR BAIL PENDING APPEAL (Dkt. 206, filed January 30, 2017)

On September 1, 2015, defendant Ivan Greenhut was charged in a three-count indictment with payment of a gratuity to a public official, in violation of 18 U.S.C. § 201(c)(1)(A); conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371; and witness tampering, in violation of 18 U.S.C. § 1512(b)(3). Dkt. 1 ("Indictment"). On November 17, 2015, the government superseded the original indictment by filing the First Superseding Indictment. Dkt. 60 ("First Superseding Indictment").

On December 15, 2015, the jury found defendant guilty of conspiracy, as charged in Count I, and guilty of paying an illegal gratuity to a public official, as charged in Count III. Dkt. 144. The jury found defendant not guilty of witness tampering, as charged in Count II. Id.

On August 15, 2016, defendant filed a motion for a judgment of acquittal as to Counts I and III. Dkt. 164. On the same day, defendant filed a motion for a new trial in the event that the Court declined to grant a judgment of acquittal. Dkt. 166. On November 8, 2016, the Court dismissed without prejudice Count III because venue was improper and vacated the jury's verdict on that count. Dkt. 183. However, the Court denied defendant's motion for acquittal on Count I and denied defendant's motion for a new trial. Id.

On January 23, 2017, the Court held a sentencing hearing and committed defendant to the Bureau of Prisons for 24 months. Dkt. 201. In addition, upon release from imprisonment, the Court sentenced to defendant to one year of supervised release. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL          'O'**

    Also on January 23, 2017, defendant appealed his conviction, sentence, and bail status to the Ninth Circuit Court of Appeals.  Dkt. 199.

    On January 30, 2017, defendant filed a motion for bail pending appeal.  Dkt. 206.  The government filed its opposition to defendant's motion on February 6, 2017, dkt. 211, and defendant filed his reply on February 10, 2017, dkt. 212.

    A person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained pending appeal, unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).  A defendant has the burden of proving that a substantial question exists.  United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).  A substantial question is one that is "fairly debatable" or "fairly doubtful."  Id.  The defendant "need not, under Handy, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions."  United States v. Garcia, 340 F.3d 1013, 1021 n.5 (9th Cir. 2003).

    The Court notes that there is a presumption against bail pending appeal.  See Handy, 761 F.2d at 1284.  Furthermore, the Court finds that defendant has presented no basis for reversal of defendant's conviction on Count I or his sentence.  Nonetheless, the Court recognizes that the conduct charged is the subject of substantial debate in the wake of the Supreme Court's decision in McDonnell v. United States, 136 S. Ct. 2355 (2016).  The Court further finds that defendant does not pose a risk of flight or danger to another person or the community.  Accordingly, the Court finds it appropriate to grant defendant's motion for bail pending appeal.

    The Court therefore **GRANTS** defendant's motion and orders defendant released on bail, subject to the terms and conditions of his pre-trial release.  See dkt. 19.

    IT IS SO ORDERED.

|  | 00 | 09 |
|---|---|---|
| Initials of Deputy Clerk | CMJ | |

Cc:     Pretrial Services, U.S. Probation, Appeals